# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**KEVIN LEE BURNS,**

    **Plaintiff,**

vs.                                              Case No. 4:22cv01-MW-MAF

**UNITED STATES OF AMERICA, INC., et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff is a non-prisoner, proceeding pro se in this action. Plaintiff was granted in forma pauperis status, ECF No. 11, and was not required to pay the filing fee for this case. Because Plaintiff's amended complaint did not comply with court rules and was insufficient, he was required to file an amended complaint. *Id.*

Plaintiff's amended complaint, ECF No. 15, has now been timely filed and reviewed. It lacks any factual basis to connect the assertions with any named Defendant. Plaintiff provides no facts showing what the Governor or Florida Attorney General did to cause him harm. Moreover, Plaintiff's

amended complaint lacks coherent statements which reveal how or when any specific person violated Plaintiff's constitutional rights. ECF No. 15. Notably, Plaintiff cannot sue "all residents of the State who pay taxes." Id. at 1.

In the most general terms possible, and given a liberal reading of the complaint, Plaintiff's amended complaint complains that he was wrongfully convicted based on lies. He asserts that the State put an innocent and mentally ill person behind "prison cages." Id. at 2. However, Plaintiff presents more questions than he does facts. Plaintiff does not state who lied, nor does he identify the lie.

Moreover, Plaintiff states that he was convicted in 2001 and was released from prison in 2012. Id. at 5. Any claims challenging a 2001 conviction are barred by the statute of limitations which, in Florida, is four years. Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Thus, this case cannot go forward because the only intelligible claim is the challenge to Plaintiff's conviction. In light thereof, the amended complaint must be dismissed.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 15, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because the claims are barred by the statute of limitations.

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2022.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv01-MW-MAF